In the Matter of Martell B. ROYER, Respondent.

No. 45S00–1008–DI–433.

Supreme Court of Indiana.

Dec. 9, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 2002, the personal representative of an estate ("PR") hired Respondent to represent her. After some activity, the estate remained dormant until 2007, when the estate beneficiaries filed a petition for an order to show cause and a motion to remove the PR. After the PR failed to appear at a hearing on the motion, the court found her in contempt. At the PR's request, Respondent withdrew from his representation in 2008.

The parties cite the following fact in aggravation: Respondent received a public reprimand in 2002. *See Matter of Royer,* 776 N.E.2d 1215 (Ind.2002). The parties cite the following facts in mitigation: (1) Respondent had a long history of providing legal services to the PR and her family; (2) he advised the PR of her legal duties as a personal representative; (3) the PR was no longer cooperative with Respondent after September 2002 and did not respond to Respondent's attempts to contact her; and (4) Respondent had no personal knowledge of any misconduct by the PR until the beneficiaries filed their petition to show cause in 2007.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

3.2: Failure to expedite litigation consistent with the interests of a client.

8.4(d): Engaging in conduct prejudicial to the administration of justice (by disregarding the administration of the estate and inconveniencing the court and the beneficiaries).

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who dissents, believing the discipline to be insufficient in light of Respondent's admitted misconduct.